

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. Francis H. Henshaw
State Librarian
Texas State Library
Austin 11, Texas

Dear Mr. Henshaw:

Opinion No. O-7175

Re: Refunding money to a borrower
for State Library books lost
and paid for, but later found
and returned to the Library
in proper and usable condition.

We acknowledge receipt of your letter propounding the following request for an opinion:

"A difference of opinion exists between the State Librarian and the Comptroller of Public Accounts regarding the validity of refunding money to a borrower for State Library books lost and paid for and later found and returned to the Library in proper and usable condition. May we have an opinion concerning this matter?

"The case in question is as follows:

"In March, 1944, a Miss Ethel Preston reported that she had lost two books loaned her by the State Library. She was advised of the cost of the books and sent her check for $4.88 in payment for them.

"In December, 1944, Miss Preston, having found the books, returned them to the State Library and asked that the money previously paid be refunded to her. The books were in good condition, were needed in the Library's collections, and had not been replaced with duplicate copies.

"On January 18, 1945, the State Librarian put through a requisition for a refund to Miss Preston in the amount of $4.88. This requisition was refused by the Comptroller of Public Accounts. Miss Preston is asking again that this money be refunded.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. Francis H. Henshaw, Page 2

"We would, therefore, like an answer to the following question:

"(1) Is it legally possible to return the borrower's money; or,

"(2) If that is not possible, shall we consider the books as property the State has sold and return them to the borrower as purchaser?"

The books of the Library are State property, for the use of the public in accordance with the statutes and regulations of the Commission adopted in pursuance of statutory authority. (See Rev. Civ. Stat. Art. 5435).

Books once acquired by the State remain in legal comtemplation the State's property until in some legal way the State has disposed of them. The Commission has no authority to dispose of such books except in some manner provided by law. Since there is no statute authorizing the Commission to sell the books of the Library, and since there has been no rule or regulation prescribed in pursuance of the statutory power to make rules and regulations, it follows that the State's title to the books has never passed to Miss Preston. The situation presented is not the same as the legal concept of the passing of title from the owner to one who converts property, upon paying the value therefor, such notional passing of the title being based upon the implied consent of the owner, evidenced by his election to demand damages instead of return of the property. This analogy does not hold where the State is the owner, for the reason the State has no general agents for disposing of its property -- there must be statutory authority to effectuate such change of title.

Section 6 of Article 8, Constitution of Texas provides that "no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law". We have carefully examined the appropriations made to the Texas Library and Historical Commission and find that the 49th Legislature did not appropriate any money from which Miss Preston may be refunded the sum of $4.88.

The following proviso was made a part of such appropriation:

"Provided that all moneys paid into the State Treasury by the State Library from refunds for lost or badly damaged books, and all moneys for pre-payment for postage, drayage, or transportation are hereby appropriated for the State Library for books, postage, express, and freight for the State Library."

Mr. Francis H. Henshaw, Page 3


Thus it is seen that said sum of money so paid by Miss Preston can only be used to pay for books, postage, express and freight. As stated above, the State at no time lost its title to the books in question and hence can not purchase its own property.

We therefore hold that Miss Preson cannot be refunded said amount in the manner attempted.

It is the general rule in this State that money voluntarily paid into the State Treasury cannot be refunded even though the Legislature attempts to make an appropriation therefor. However, the Courts of this State and this department has held that the Legislature may refund money wrongfully paid, when same was paid either through (1) fraud, (2) under mistake of fact, or (3) by reason of duress. There was no fraud practiced or duress used. However, the money was paid under a mutual mistake of fact, that is under the mistaken belief that the books were permanently lost, and not merely temporarily misplaced.

It is therefore our opinion that the Legislature may lawfully make an appropriation to Miss Preston in the amount of $4.88. Your second question, therefore, becomes moot.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. V. Geppert
Assistant

WVG:ms